## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, *et al.*,[1]<br><br>        Debtors | Chapter 11<br><br>Case No. 19-11781 (LSS)<br><br>(Jointly Administered)<br><br>Honorable Laurie Selber Silverstein<br><br>Pending in the United States Bankruptcy Court for the District of Delaware |
| ALLEN LAWRENCE BERRY and DANNY DAVIS,<br><br>        Plaintiffs<br><br>v.<br><br>DAMON KADE, KAY RIECK, LARS DEGENHARDT, TOM HORD, FURIE OPERATING ALASKA, LLC, FURIE PETROLEUM COMPANY, LLC, AND CORNUCOPIA OIL & GAS COMPANY, LLC,<br><br>        Defendants | Adversary Proceeding<br><br>No. 19-____ (___)<br><br>(Removal from 125th Judicial District Court of Harris County, Texas; Cause No. 2016-49928) |

## NOTICE OF REMOVAL

      Defendants Furie Operating Alaska, LLC ("Furie") and Cornucopia Oil & Gas Company, LLC ("Cornucopia"), debtors and debtors-in-possession in the above-captioned Chapter 11 Cases (the "Chapter 11 Cases" and the debtors and debtors-in possession in the Chapter 11 Cases,

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd., Suite 620, Anchorage, Alaska 99503.

the "Debtors") currently pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), hereby remove the action styled *Allen Lawrence Berry and Danny Davis v. Damon Kade, et al.*, Cause No. 2016-49928 (the "State Court Action"), from the 125th Judicial District of Harris County, Texas, (the "State Court") to the Bankruptcy Court for the Southern District of Texas, Houston Division (the "Texas Bankruptcy Court").

## BACKGROUND

1. On August 9, 2019, (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by each filing voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the Delaware Bankruptcy Court.

2. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9027-1 and 9027-2 of the Southern District of Texas Bankruptcy Local Rules (the "Local Rules").

3. On October 31, 2017, Plaintiffs Allen Lawrence Berry ("Berry") and Danny Davis ("Davis") commenced the State Court Action by filing a complaint with the State Court, asserting various causes of action against, *inter alia*, Furie and Cornucopia for allegedly failing to properly administer and operate leases in the Cook Inlet Basin (the "Leases") in which Plaintiffs have an interest, failing to keep Plaintiffs advised of their interests in the Leases, failing to properly account for Plaintiffs' interests in the Leases, and making misrepresentations to Plaintiffs regarding Plaintiffs' allegedly forthcoming receipt of certain royalties and an amount allegedly due from certain tax benefits.

## DOCUMENTS FROM REMOVED CASE

4. Pursuant to Southern District of Texas Local Rule 81, The Debtors file with this Notice of Removal the following Exhibits A through E:

- An index of matters being filed;

- Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

- All executed process in the case (Exhibit B);

- All orders signed by the state judge (Exhibit C);

- The docket sheet (Exhibit D); and

- A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit E)

5. The Debtors intend to file a motion to transfer venue from the Texas Bankruptcy Court to the Delaware Bankruptcy Court shortly.

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely filed under Bankruptcy Rule 9027(a)(2)(A) because it has been filed within 90 days after the orders for relief in the Chapter 11 Cases. No order terminating the stay has been entered with respect to the State Court Action and no trustee has been qualified in the Chapter 11 Cases so the time limits imposed by Bankruptcy Rule 9027(a)(2)(B) and (C) are not applicable here.

7. No previous removal of the State Court Action has been attempted or effectuated by any party thereto.

## JURISDICTION

8. The State Court Action involves causes of action asserted by Plaintiffs against Debtors Furie and Cornucopia, among others.

9. Pursuant to 28 U.S.C. § 1334(b), the Texas Bankruptcy Court has jurisdiction to consider the State Court Action as a civil proceeding related to the Chapter 11 Cases. Removal of the State Court Action is thus appropriate under 28 U.S.C. § 1452 as a "claim or cause of action in a civil action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

10. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A)-(C). Furie and Cornucopia consent, pursuant to 28 U.S.C. 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## PLAINTIFFS

11. Plaintiff Berry is an individual whose address is 5005 Riverway, Suite 440, Houston, Texas 77056.

12. Plaintiff Danny Davis is an individual whose address is 5005 Riverway, Suite 440, Houston, Texas 77056.

13. Counsel to Plaintiffs are Ernest W. Boyd, Jeremy R. Stone, and Cheryl L. Turner, Butch Boyd Law Firm, 2905 Sackett Street, Houston, TX 77098, (713) 589-8477.

## DEFENDANTS AND INTERVENORS

14. Defendant DAMON KADE is an individual whose address is 14303 Red Creek Cove Lane, Humble, Texas 77396.

15. DAMON KADE's counsel are John Scott Black, Richard D. Daly, and Melissa Waden Wray, Daly & Black, P.C., 2211 Norfolk Street, Ste. 800, Houston, TX 77098, (713) 655-1405.

16. Defendant KAY RIECK is an individual whose address is Taj Grandeur Residences, Crescent Road West, Palm Jumeriah, Dubai, United Arab Emirates.

17. KAY RIECK has not appeared through counsel in the State Court Action.

18. Defendant LARS DEGENHARDT is an individual whose address is unknown.

19. LARS DEGENHARDT's counsel is J. Marcus "Marc" Hill, Hill & Hill, P.C., Law Firm, 1770 St. James Place, Ste. 115, Houston, TX 77056, (713) 688-6318.

20. Defendant TOM HORD is an individual whose address is unknown.

21. TOM HORD's counsel is J. Marcus "Marc" Hill, Hill & Hill, P.C., 1770 St. James Place, Suite 115, Houston, TX 77056.

22. Defendant Furie was a Texas limited liability company that was converted to a Delaware limited liability company as of January 25, 2018 with an address at 188 W. Northern Lights Blvd., Suite 620, Anchorage, Alaska 99503.

23. Defendant Cornucopia was a Texas limited liability company that was converted to a Delaware limited liability company as of January 25, 2018 with an address at 188 W. Northern Lights Blvd., Suite 620, Anchorage, Alaska 99503.

24. Counsel to Furie and Cornucopia in the State Court Action are Chris Reynolds, Christopher M. Hogan, and Harris Wells, Reynolds Frizzell LLP, 1100 Louisiana Street, Suite 3500, Houston, TX 77002, (713) 485-7200.

25.     Counsel to Furie and Cornucopia in the Chapter 11 Cases are Timothy W. Walsh, Darren Azman, and Riley T. Orloff, McDermott Will & Emery LLP, 340 Madison Avenue, New York, NY 10173, (212) 547-5400.

26.     Defendant FURIE PETROLEUM COMPANY, LLC was a Texas limited liability company with an address at 188 W. Northern Lights Blvd., Suite 620, Anchorage, Alaska 99503. Certificate of Termination of a Domestic Entity was filed on August 26, 2019.

27.     FURIE PETROLEUM COMPANY, LLC's counsel is Chris Reynolds, Christopher M. Hogan, and Harris Wells, Reynolds Frizzell LLP, 1100 Louisiana Street, Suite 3500, Houston, TX 77002, (713) 485-7200.

28.     Intervenor TAYLOR MINERALS, LLC is a Texas limited liability company with its principal place of business located at 2040 North Loop West, Suite 104, Houston, TX 77018.  TAYLOR MINERALS LLC may be served with process by serving its registered agent: Robert G Taylor, 2040 N. Loop W., Suite 14, Houston, TX 77018.

29.     Counsel to TAYLOR MINERALS LLC is Robert G. Taylor, III, Law Office of Robert G Taylor, 2040 N. Loop W., Suite 14, Houston, TX 77018 (713) 654-7799.

30.     Intervenor GIZA HOLDINGS, LLC is a Texas limited liability company with its principal place of business located at 2040 N. Loop W., Suite 14, Houston, TX 77018.  GIZA HOLDINGS, LLC may be served with process by serving its registered agent: Robert G Taylor, 2040 N. Loop W., Suite 14, Houston, TX 77018.

31.     Counsel to GIZA HOLDINGS, LLC is Robert G. Taylor, III, Law Office of Robert G. Taylor, III, 2040 N. Loop W., Suite 14, Houston, TX 77018, (713) 654-7799.

**BASIS FOR REMOVAL**

32. Pursuant to 28 U.S.C. § 1452, any party to a claim or cause of action may remove the claim or cause of action to the federal district court where such civil action is pending if such district court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. Section 1334 provides that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. "For jurisdictional purposes, it is not necessary to distinguish whether a matter 'arises under', 'arises in' or is 'related to'" a bankruptcy proceeding. *Satterwhite v. Guerrero (In re Guerrero)*, No. 12-35341, 2013 WL 6834642, at *5 (Bankr. S.D. Tex. Dec. 20, 2013) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987)). Instead, the Court "need only . . . determine if the matter is at least 'related to' the pending bankruptcy case." *Id*. The standard for "related to" jurisdiction is broad. "Cases 'related to' the bankruptcy case are those whose outcome would have conceivable effect on the estate being administered in bankruptcy." *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009). A "conceivable effect" is a proceeding that "could alter the Debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy case." *In re Guerrero*, 2013 WL 6834642, at *5 (quoting *Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Grp., Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013).

33. The causes of action in the State Court Action are asserted against Debtor Defendants Furie and Cornucopia, among others, and Plaintiffs seek monetary relief of over $1,000,000 from Defendants. In addition, the Debtors have asserted counterclaims against the Plaintiffs. As such, the claims in the State Court Action are "arising in" or "related to" the

7

bankruptcy proceeding. Indeed, the subject matter of the State Court Action, *i.e.*, resolution of the Plaintiffs' alleged claims against the Debtors and the Debtors' counterclaims against the Plaintiffs, are core proceedings under 28 U.S.C. § 157(b).

34. The State Court Action, including all claims and causes of action pending in the State Court Action, may therefore be removed to the Texas Bankruptcy Court under 28 U.S.C. § 1452.

## **NOTICE**

35. Pursuant to Bankruptcy Rule 9027(b), a copy of this Notice of Removal has been served upon all Plaintiffs, Defendants, and intervenors in the State Court Action.

36. Pursuant to Bankruptcy Rule 9027(c), a copy of this Notice of Removal will be promptly filed with the Clerk of the 125th Judicial District Court of Harris County, Texas.

Dated:  November 7, 2019
       Houston, Texas

Respectfully submitted,

**REYNOLDS FRIZZELL LLP**

By: */s/ Chris Reynolds*
    Chris Reynolds
    State Bar No. 16801900
    Christopher M. Hogan
    State Bar No. 24065434
    Harris Wells
    State Bar No. 24106563
1100 Louisiana Street, Suite 3500
Houston, TX 77002
Phone:  (713) 485-7200
Fax:  (713) 485-7250
creynolds@reynoldsfrizzell.com
chogan@reynoldsfrizzell.com
hwells@reynoldsfrizzell.com

-and-

**McDERMOTT WILL & EMERY LLP**
Timothy W. Walsh (*pro hac vice* forthcoming)
Riley T. Orloff (*pro hac vice* forthcoming)
340 Madison Avenue
New York, New York 10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444
twwalsh@mwe.com
rorloff@mwe.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, a true and correct copy of this Notice of Removal was served of (i) all parties registered to receive ECF notification in the above captioned case.

By: */s/ Chris Reynolds*
    Chris Reynolds